UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:12CR14AGF(MLM) |
| Clifford Keith Hobbs, | ) | |
| Defendant. | ) | |

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

In this court's Report and Recommendation dated 5/15/12 (Doc. 57), the undersigned neglected to make a recommendation on the government's Motion to Determine Admissibility Pursuant to Title 18 U.S.C. § 3501 (Doc. 25).

18 U.S.C. § 3501(a) states that any confession shall be admissible if it is voluntarily given.[1] In the present case, defendant was arrested, told of the reason for his arrest, fully advised of his <u>Miranda</u> rights including that he was not required to make a statement and had the right to assistance of counsel, and then made a spontaneous statement not in response to any question by law enforcement officers. Applying the factors to be considered in determining the issue of voluntariness as set out in 18 U.S.C. § 3501(b), it is clear that defendant's self-incriminating statement was voluntary.

---

[1] 18 U.S.C. § 3501(e) defines confession as: As used in this section, the term "confession" means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing.

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion to Determine Admissibility Pursuant to Title 18 U.S.C. § 3501 be **GRANTED** and that defendant's self-incriminating statement be found to be voluntary. (Doc. 25).

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of May, 2012.